UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRES GOMEZ,

    Plaintiff,

vs.                                                    CASE NO. 17-cv-22898-JLK

FITNESS INTERNATIONAL, LLC,
a California Corporation,

    Defendant.

_____/

**DEFENDANT FITNESS INTERNATIONAL, LLC'S
<u>ANSWER TO COMPLAINT</u>**

Defendant Fitness International, LLC ("Defendant") hereby answers and states affirmative defenses to the Complaint ("Complaint") of Plaintiff Andres Gomez as follows.

**<u>INTRODUCTION</u>**

1. The allegations in Paragraph 1 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

2. Defendant denies that its website is not fully accessible. With regards to the remaining allegations Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint, and on that basis denies the allegations contained therein.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies that it contains digital barriers, limiting the ability of blind and visually impaired consumer to access their content. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint, and on that basis denies the allegations contained therein.

8. In response to Paragraph 8 of the Complaint, Defendant states that the ADA speaks for itself.

9. The allegations in Paragraph 9 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

11. The allegations in Paragraph 11 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

12. The allegations in Paragraph 12 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## PARTIES

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint, and on that basis denies the allegations contained therein.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

**FACTS**

15. Defendant admits that allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the Complaint, and on that basis deny the allegations contained therein.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Complaint, and on that basis deny the allegations contained therein.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## CLASS ALLEGATIONS

27. The allegations in Paragraph 27 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

28. The allegations in Paragraph 28 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

29. The allegations in Paragraph 29 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

30. The allegations in Paragraph 30 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

31. The allegations in Paragraph 31 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

32. The allegations in Paragraph 32 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## SUBSTANTIVE VIOLATIONS

### Title II of the ADA, 42 U.S.C. §12181 *et seq*

33. Defendant incorporates its responses to Paragraphs 1 through 32 of this Answer in response to Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendant states that 42 U.S.C. §§ 12182(a) speaks for itself.

35. In response to Paragraph 35 of the Complaint, Defendant states that 42 U.S.C. §§ 12181(7)(F) speaks for itself.

36. In response to Paragraph 36 of the Complaint, Defendant states that 42 U.S.C. §12182(b)(1)(A)(1) speaks for itself.

37. In response to Paragraph 38 of the Complaint, Defendant states that 42 U.S.C. §12182(b)(1)(A)(ii) speaks for itself.

38. In response to Paragraph 38 of the Complaint, Defendant states that 42 U.S.C. §12182(b)(2)(A)(ii)-(iii) speaks for itself.

39. In response to Paragraph 39 of the Complaint, Defendant states that 28 C.F.R. §§36.303(b), 36.303(c)(1) speak for themselves.

40. Defendant denies that it has violated any portion of Title III of the ADA or the regulations promulgated thereunder.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief he seeks as set forth on page 9 and 10 of the Complaint, or any relief whatsoever, and requests that the Court award Defendant its costs and fees of suit and other relief the Court deems proper.

## FIRST AFFIRMATIVE DEFENSE
(No Denial of Full and Equal Access)

Plaintiff was not denied full and equal access or full and equal enjoyment.

## SECOND AFFIRMATIVE DEFENSE
(No Personal Encounter)

Plaintiff failed to personally encounter any alleged violation on a particular occasion.

## THIRD AFFIRMATIVE DEFENSE
(No Deterrence)

Plaintiff was not deterred from visiting the Defendant's website.

## FOURTH AFFIRMATIVE DEFENSE
(Failure to Request Reasonable Accommodations or Modifications)

All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications of Defendant's website, which Defendant was willing to provide.

## FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

## SIXTH AFFIRMATIVE DEFENSE
(Mootness)

The Complaint, and each cause of action contained therein, are barred because it is moot.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer to assert any additional defenses or affirmative defenses as may later become available or apparent.  Further, Defendant reserves the right to delete any defenses or affirmative defenses that it determines are inapplicable during the course of subsequent discovery.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;
2. That judgment be rendered in favor of Defendant against Plaintiff and that the Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and
4. For such further and other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demand a jury pursuant to F.R.C.P. 38(b) on all issues raised in the Complaint of Plaintiff Andres Gomez.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of August 2017, I electronically filed the foregoing s with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel on the below Service List.

*s/ Nicole Sieb Smith*
Nicole Sieb Smith
nsmith@rumberger.com
Florida Bar No. 0017056
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 120
Tallahassee, FL 32301
Telephone: (850) 222-6550
Facsimile: (850) 222-8783

Scott J. Ferrell
(admitted *pro hac vice*)
sferrell@pacifictrialattorneys.com
Tyler J. Woods
twoods@pacifictrialattorneys.com
(admitted *pro hac vice*)
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: 949-706-6464
Facsimile: 949-706-6469

*Attorney for Defendant*

**SERVICE LIST**

Anthony J. Perez, Esq.
Alfredo Garcia-Menocal, Esq.
Garcia-Menocal & Perez, P.L.
4937 SW 74th Court, # 3
Miami, FL 33155
Email:  ajperez@lawgmp.com, ajperezlaw@gmail.com, agarciamenocal@gmplaw.com, and mpomares@lawgmp.com

Attorneys for Plaintiff

10447514.1